IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MALIK N. MARTIN, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | CASE NO. |
| v. | : | 5:23-CV-29 (CAR) |
| | : | |
| SONIA ADAMS, CHASE AMBROSE, | : | |
| and BRIAN DAVIS, JR., | : | |
| | : | |
| **Defendants.** | : | |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is *pro se* Plaintiff Malik N. Martin's "Motion for a New Trial" [Doc. 55] which this Court CONSTRUES as a Motion for Reconsideration of the Court's Order granting Defendants summary judgment [Doc. 53]. For the reasons discussed below, Plaintiff's Motion [Doc. 55] is **DENIED**.

### STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[1] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[2] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an

---

[1] Fed. R. Civ. P. 59(e).
[2] M.D. Ga., L.R. 7.6.

1

extraordinary remedy to be employed sparingly."[3] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered which was not previously available to the parties in the exercise of due diligence; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[4] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[5] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[6]

## DISCUSSION

Plaintiff fails to demonstrate any of the limited circumstances warranting reconsideration: He does not point to any intervening change in the law; he does not contend any new evidence has been discovered that was not previously available to the parties at the time the original Order was entered; and he does not identify any clear error of law or manifest injustice. Plaintiff reasserts arguments and attempts to relitigate issues this Court comprehensively addressed in its Order. A motion for reconsideration "is not

---

[3] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).

[4] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

[5] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

[6] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805–06 (11th Cir. 1993).

a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."[7]

Plaintiff argues the portion of the driveway where Defendant Davis walked to obtain the license plate information was part of the curtilage to Plaintiff's home, contending the white buckets beside the car contained personal belongings and pointing to a white chair that was beside the car.[8] But these facts do not change the Court's analysis and finding that the portion of the driveway where Davis approached Plaintiff's vehicle and wrote down the license plate information did not harbor the "intimate activity associated with the sanctity of a man's home and the privacies of life."[9]

Because Petitioner attempts to relitigate matters already decided, and because this case does not fall into one of the three limited circumstances in which the Court may reconsider its ruling, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 55].

**SO ORDERED,** this 25th day of July, 2025.

                                                s/ C. Ashley Royal
                                                C. ASHLEY ROYAL, SENIOR JUDGE
                                                UNITED STATES DISTRICT COURT

---

[7] *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).

[8] Plaintiff also points to other personal belongings located further up the driveway, in the carport, and on the front porch, but Defendant Davis did not walk in those areas.

[9] *United States v. Stephen*, 823 F. App'x 751, 754 (11th Cir. 2020).