IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MALIK N. MARTIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:23-CV-29 (CAR) |
| | : | |
| SONIA ADAMS, CHASE AMBROSE, | : | |
| and BRIAN DAVIS, JR., | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED
## *IN FORMA PAUPERIS* ON APPEAL

Before the Court is *pro se* Plaintiff Malik N. Martin's Notice of Appeal [Doc. 58] and Motion for Leave to Appeal *In Forma Pauperis* ("IFP") the Court's Orders granting Defendants' Motions for Summary Judgment [Doc. 53] and denying Plaintiff's Motion for New Trial [Doc. 55]. As explained below, Plaintiff's Motion [Doc. 59] is **GRANTED**.

Plaintiff brought suit against Bibb County Animal Enforcement Director Sonia Adams, Bibb County Animal Enforcement Officer Chase Ambrose, and Bibb County Sheriff's Deputy Brian Davis, Jr., asserting claims under 42 U.S.C. § 1983 and Georgia State law, alleging they violated his Fourth and First Amendment rights, engaged in a conspiracy, and unlawfully trespassed after removing dogs from his property. Plaintiff contends Defendant Davis unlawfully searched his home's curtilage and violated his

Fourth Amendment right to be free from unlawful searches when he entered Plaintiff's driveway without a warrant and without permission and obtained Plaintiff's license plate number from his parked vehicle. Plaintiff contends Defendants violated his First Amendment rights when Defendants requested he provide his identification, when Defendant Adams dispatched a Bibb County Sheriff's Office ("BCSO") deputy, and when Davis entered his property without a warrant, all in retaliation for Plaintiff's criticisms and threats to file a police report and lawsuit. And Defendants trespassed on his property and conspired against him in violation of Georgia state law.

After considering Defendants' motions for summary judgment, the Court concluded Defendant Davis did not enter Plaintiff's curtilage, and no evidence showed Defendants' actions affected Plaintiff's protected speech or showed a causal connection between any allegedly adverse effects on Plaintiff's speech and Defendants' allegedly retaliatory actions; therefore, Defendants were entitled to qualified immunity on Plaintiff's § 1983 claims. And because Defendants did not unlawfully enter Plaintiff's property, Plaintiff could not establish state law claims for trespass and conspiracy. Thus, the Court granted Defendants' Motions for Summary Judgment.

Plaintiff then filed a "Motion for New Trial," which the Court construed as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). The Court

denied the motion, concluding Plaintiff failed to demonstrate any of the limited circumstances warranting reconsideration.

Plaintiff now seeks to appeal *in forma pauperis* the Court's Orders granting Defendants' motions for summary judgment and denying Plaintiff's motion for new trial. Plaintiff contends the area of his driveway in which Defendant Davis entered to obtain his license plate information qualifies as curtilage, and therefore, he can establish a violation of his Fourth Amendment right to be free from unreasonable searches; thus, Plaintiff can also maintain his state law claims for trespass and conspiracy. Moreover, Plaintiff argues the evidence establishes a genuine issue of material fact that Defendant Adams dispatched BCSO deputies in retaliation for Plaintiff vowing to file complaints against the officers.

The Court may authorize Plaintiff's request to proceed IFP on appeal pursuant to 28 U.S.C. § 1915(a)(1), but "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."[1] "[G]ood faith' . . . must be judged by an objective standard."[2] A petitioner demonstrates good faith when he seeks review of a non-frivolous issue.[3] An issue "is frivolous if it is 'without arguable merit either in

---

[1] 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3).
[2] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).
[3] *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981).

law or fact.'"[4] "Arguable means being capable of being convincingly argued."[5] "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'"[6]

Based on Plaintiff's financial information submitted in support of his Motion, the Court is persuaded that he is unable to pay the costs and fees associated with this appeal. Moreover, Plaintiff raises non-frivolous factual and legal bases for the asserted wrongs, and thus his appeal is taken in good faith.

## CONCLUSION

As explained above, Plaintiff's Motion for Leave to Appeal IFP [Doc. 59] is **GRANTED**.

**SO ORDERED,** this 10th day of September, 2025.

                                      s/ C. Ashley Royal_____
                                      C. ASHLEY ROYAL, SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT

---

[4] *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

[5] *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

[6] *Sun*, 939 F.2d at 925 (citations omitted).